# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN RODNEY VEACH**, | : | CRIMINAL NO 1:12-CV-0810 |
| Petitioner, | : | (Chief Judge Conner) |
| v. | : | |
| **WARDEN T.R. SNIEZEK**, *et al.*, | : | |
| Respondents. | : | |

## MEMORANDUM

Presently before the court is a petition for a writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner John Rodney Veach ("petitioner" or "Veach"), a Federal Bureau of Prisons ("BOP") inmate currently incarcerated at Federal Correctional Facility ("FCI") at Sheridan, Oregon. For the reasons set forth below, the court will dismiss the petition (Doc. 1) for lack of jurisdiction.

## I. Background

The factual and procedural background underpinning the instant petition have been summarized by the United States District Court for the Southern District of Illinois as follows:

> On December 20, 2002, an indictment was filed against [Veach], charging him with possession with intent to distribute cocaine. After being appointed two different attorneys, Veach retained attorney Eric J. Bell, who was substituted as counsel of record on May 2, 2003. After an examination, Veach was declared competent to stand trial, and then on July 22, 2003, he pleaded guilty with a plea agreement. The plea agreement contained an appellate waiver. Per the Stipulation of Facts signed by Veach, he obtained powder and crack cocain in Corpus Christi and New Orleans for distribution in southern

> Illinois. Veach was arrested in Carbondale, Illinois, on
> October 7, 2002, after throwing down a bag containing 310
> grams of powder cocaine while fleeing on foot from the
> arresting officer. The parties agreed in the Stipulation of
> Facts that Veach's relevant conduct included 595 grams
> of powder cocaine and 28.35 grams of crack cocaine. On
> September 2, 2003, attorney John D. Stobbs II appeared
> as co-counsel for Veach. Before sentencing, Veach's
> attorneys filed objections to the presentence investigation
> report and a motion for downward departure for over-
> representation of Veach's criminal history, through his
> motion was withdrawn during the sentencing hearing.

Veach v. United States, 2008 U.S. Dist. LEXIS 55257 at *2 (S.D. Ill. July 18, 2008).[1]

In calculating the petitioner's sentencing guideline range, the sentencing court applied the career offender enhancement contemplated by United States Sentencing Guideline § 4B1.1(a), given petitioner's two prior state court convictions for aggravated battery. (Doc. 1-1 at 2). Application of this enhancement increased petitioner's offense level from 25 to 32 and resulted in a guideline range of 151 and 188 months. Id. The court sentenced the petitioner at the top of the guideline range to a term of 188 months imprisonment. Veach, 2008 U.S. Dist. LEXIS 55257 at *3.

---

[1] The appellate waiver in petitioner's plea agreement provided as follows:

> Defendant knowingly and voluntarily waives the right to
> appeal any sentence within the maximum provided in the
> statute(s) of conviction (or the manner in which that
> sentence was determined)… .The Defendant also waives
> his right to challenge his sentence or the manner in which
> it was determined in any collateral attack, including but
> not limited to a motion brought under Title 28, United
> States Code, Section 2255.

Id. at *16.

Trial counsel withdrew, and petitioner appealed his sentence *pro se* to the United States Court of Appeals for the Seventh Circuit. Id. at *3-4. The Seventh Circuit rejected petitioner's contention that Booker v. United States, 543 U.S. 220 (2005) established an exception to his appellate waiver and dismissed his appeal.[2] Id. at *3. On July 18, 2006, petitioner, through current counsel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that trial counsel was ineffective during plea negotiations. Id. at *3-4. The trial judge acknowledged that otherwise valid appeal waivers do not preclude ineffective assistance claims that have their basis in plea negotiations. Id. at *19-20 (observing that "otherwise enforceable waiver does not bar . . . ineffective assistance of counsel claim insofar as that claim specifically relates to the negotiation of the waiver"). The court thus conducted a merits review of the petitioner's ineffective assistance claim to the extent it pertained to the appellate waiver and ultimately concluded that the petitioner had failed to satisfy either element of the ineffective assistance test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). Id. at *19-24.

In doing so, the court emphasized the voluntariness of petitioner's plea agreement and his appellate waiver, noting that the plea agreement was signed by petitioner and that petitioner affirmatively responded to the sentencing court's thorough inquiries as to whether petitioner's plea agreement, and in particular the appellate waiver, were knowing and voluntary. Id. ("Veach's statements . . . during

---

[2] The Supreme Court's decision in Booker concerned sentencing, not waivers of appellate rights, and was thus inapplicable.

the . . . change of plea hearing clearly illustrate that he knowingly and voluntarily entered into the plea agreement and specifically accepted the appellate waiver terms of the agreement."). The court thus enforced the appellate waiver and dismissed the § 2255 motion.

Petitioner did not appeal the denial of his Section 2255 motion. Instead, he filed a motion for a certificate of appealability in the Seventh Circuit, which the Circuit directed the district court to file as a notice of appeal. See Veach v. United States, 2010 U.S. Dist. LEXIS 106975, *2 (S.D. Ill. Oct. 6, 2010). Therein, petitioner asked the court to remand his case to the district court for resentencing without the career offender enhancement pursuant to the Supreme Court's recent decisions in Chambers v. United States, 555 U.S. 122 (2009) and Begay v. United States, 553 U.S. 137 (2008). Veach, 2010 U.S. Dist. LEXIS 106975 at *2. The district court declined to issue a certificate of appealability, and concluded that while the Begay rule is retroactively applicable, petitioner had executed a broad appellate waiver, found by the court to be valid and enforceable, thus precluding petitioner's claim. Id. at *3-5. Petitioner appealed to the Seventh Circuit, which dismissed his appeal as untimely. However, noting Begay's retroactive applicability, the panel observed that Veach's argument regarding his career offender status "might be appropriately brought in a petition under 28 U.S.C. § 2241, which is the proper avenue for relief when § 2255 is "inadequate or ineffective to test the legality of his detention.'" Veach v. United States, No. 10-2129 (7th Cir. Nov. 19, 2010).

4

Petitioner filed the instant Section 2241 petition on June 22, 2011 in the United States District Court for the Southern District of Illinois, alleging that:

> [T]he sentence of 188 months imposed upon him and his classification as a career offender by the United States District Court for the Southern District of Illinois, Judge G. Patrick Murphy, is constitutionally impermissible in light of the recent Supreme Court of the United States opinion in Begay v. United States, 553 U.S. 137 (2008), and the United States Court of Appeals for the Seventh Circuit opinion in Welch v. United States, 604 F.3d 408 (7th Cir. 2010).[3]

(Doc. 1 at 1). The matter was then transferred to this court on May 1, 2012, because petitioner was, at that time, incarcerated at FCI Schuylkill, which is located within this judicial district. (Doc. 17). The court issued a show cause order (Doc. 19), and the petition has since been fully briefed (Docs. 21, 27).

## II. Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus [pursuant to § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for relief,

---

[3] The Begay Court held that although driving under the influence constitutes criminal conduct, it is not a violent felony under the Armed Career Criminal Act. Begay, 553 U.S. at 148. In Welch, the Seventh Circuit concluded that Begay is retroactive on collateral review. Welch, 604 F.3d at 413-15.

5

> by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). This safety valve language in Section 2255(e) has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165-66 (3d Cir. 1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan-Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (concluding that doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir. 1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251-52.

In seeking to overcome these Section 2241 barriers, petitioner contends that he "has filed a Section 2255 motion with [the Illinois district court] on a prior occasion and the remedy has been inadequate to test the legality of his detention due to the fact that [the Illinois district court] was unwilling to reach the issue of the Petitioner's substantive constitutional claim; based on an appellate waiver signed by the Petitioner and contained in a plea bargain agreement with the United States Attorney's Office." (Doc. 1-1 at 3). On the intersection between Section 2241 and appellate waivers, the recent decision in Howard v. Zickefoose, 2011 U.S. Dist. LEXIS 92964 (D.N.J. Aug. 15, 2011) aff'd sub nom Brown v. Zickefoose, 2013 U.S. App. LEXIS 14735 (3d Cir. 2013) (not precedential), is particularly instructive.

7

In Howard, the Section 2241 petitioner asserted that his federal sentence was improperly enhanced given the Supreme Court's holding in Begay. See Howard, 2013 U.S. Dist. LEXIS 92964 at *1, 4. The district court dismissed the petition for lack of jurisdiction. Id. at *12-16. The court observed that it had "no § 2241 jurisdiction to second guess the decision of [the petitioner's] federal sentencing court; that has been established time and again in this Circuit." Id. at *4. The court also emphasized that the Circuit has "unambiguously concluded" that collateral claims "based expressly on the holding of Begay . . . are insufficient to invoke § 2241." Id. (citing Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002)). The petitioner appealed the district court's decision.

In a non-precedential opinion affirming the district court's dismissal of the petition, the Third Circuit focused not on the jurisdictional issue but instead on the fact of the appellate waiver in Brown's plea agreement. See Brown, 2013 U.S. App. LEXIS 14735 at *4-6. The panel noted that appellate courts "will enforce waivers of constitutional and statutory rights 'provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice.'" Id. at *5 (quoting United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008)). Based upon prior analysis of the voluntariness of Brown's guilty plea by the Northern District of Indiana and the Court of Appeals for the Seventh Circuit, the Third Circuit panel concluded that Brown's plea was knowing and voluntary and that enforcement of his broad appellate waiver would not work a miscarriage of justice. Id. at *4-6.

8

Consequently, Brown's appellate waiver was enforced and the Circuit dismissed his habeas application. Id.

Petitioner's appellate waiver is likewise enforceable. In considering the petitioner's Section 2255 motion, the district court found that:

> The terms of the appellate waiver are express, unambiguous, and plainly clear. Supporting [petitioner's] knowing and voluntary entry into the agreement is his own signature on the plea agreement. Additionally, [petitioner's] § 2255 motion acknowledges that he "waived his collateral attack rights under 28 U.S.C. § 2255." [Petitioner's] statements given during the July 22, 2003, change of plea hearing clearly illustrate that he knowingly and voluntarily entered into the plea agreement and specifically accepted the appellate waiver terms of the agreement.

Veach, 2008 U.S. Dist. LEXIS 55257 at *17-18. This court likewise concludes that petitioner's appellate waiver was entered into knowingly and voluntarily, see id. at *17-18, and is thus enforceable to bar a collateral Section 2241 claim. See Brown, 2013 U.S. App. LEXIS 14735 at *5 (reaching same conclusion where petitioner "was informed of the elements of the charges against him and the penalties he could face, and he indicated that he had not been coerced into pleading by force or threat").

Neither would enforcing the appellate waiver work a miscarriage of justice. See Mabry, 536 F.3d at 237 (observing that courts will enforce appellate waivers "provided that . . . their enforcement does not work a miscarriage of justice"). As noted by the Brown court, this exception applies only in "unusual circumstances" when "a sentence was 'imposed in excess of the maximum penalty provided by law or . . . based on a constitutionally impermissible factor such as race.'" Brown, 2013

9

U.S. App. LEXIS 14735 at *6 (quoting United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001)). Petitioner has not suggested that enforcement of the appellate waiver would result in a miscarriage of justice, and this court, like the district court that entertained petitioner's Section 2255 motion, concludes that no circumstances supporting such a finding are present here. See id. at *5-6 (citing Mabry, 536 F.3d at 243 (no miscarriage of justice where the defendant had not been misled as to the sentence he faced or the terms of his plea agreement and challenges to waiver "did not implicate fundamental rights or constitutional principles"). Consequently, the court concludes that petitioner's appellate waiver is enforceable, precluding him from pursuing collateral relief.

However, even if the court were to conclude that the appellate waiver is unenforceable, the petition would nonetheless be subject to dismissal for lack of jurisdiction. Petitioner's argument as to why the remedy available pursuant to Section 2255 is "inadequate or ineffective" to address his challenges to his federal sentence is unavailing. As the court observed in the Brown case, a district court has no Section 2241 jurisdiction to reexamine or second guess the decision of the federal sentencing court; "that has been established time and again in this Circuit." Howard, 2011 U.S. Dist. LEXIS 92964 at *4 (citing Rhines v. Holt, 434 F. App'x 67 (3d Cir. 2011) (affirming dismissal of Section 2241 petition for lack of jurisdiction when petitioner argued that he was "actually innocent" of sentencing enhancement applied to him); United States v. McKeithan, 437 F. App'x 148 (3d Cir. 2011) (same); Delgado v. Zickefoose, 430 Fed. App'x 86 (3d Cir. 2011) (same); Florez-Montano v.

10

Scism, 2011 U.S. App. LEXIS 11308 (3d Cir. 2011) (same); Edmonds v. United States, 427 Fed. App'x 79 (3d Cir. 2011)).

Further, sentencing enhancement challenges are insufficient to invoke Section 2241. See Cradle, 290 F.3d at 538-39. In Dorsainvil, the Third Circuit held that Section 2241 relief is available where a subsequent statutory interpretation renders a petitioner's conduct of conviction no longer criminal. Dorsainvil, 119 F.3d at 251-52; also Okereke, 307 F.3d at 120 (holding that relief under Section 2241 is only available in "rare situations" where the crime of conviction is later deemed non-criminal). Section 2241 is not available for intervening changes in the law of sentencing. Id. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. See Okereke, 307 F.3d at 120. Here, petitioner does not allege that the crime for which he was convicted has been rendered non-criminal. Rather, petitioner contends that his sentence was improperly enhanced based on his career offender status. (Doc. 1 at ¶ 5.1). Accordingly, the limited Dorsainvil exception is inapplicable, and Section 2241 relief is not available. See Okereke, 307 F.3d at 120 (distinguishing Dorsainvil and dismissing habeas petition for lack of jurisdiction when subsequent statutory interpretation altered an element of sentencing but not the petitioner's conviction). Petitioner has thus failed to show that Section 2255 is inadequate or ineffective to challenge his detention, and his petition pursuant to Section 2241 is subject to dismissal for lack of jurisdiction.

### III. Conclusion

Based on the foregoing, the petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner John Veach will be dismissed for lack of jurisdiction. An appropriate order follows.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:       November 4, 2013